**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PELEUS INSURANCE COMPANY,** | : |
| **Plaintiff,** | : **CIVIL ACTION** |
| | : **NO.: _____** |
| v. | : |
| | : **COMPLAINT** |
| **LEXINGTON INSURANCE COMPANY,** | : |
| | : |
| **And** | : |
| | : |
| **WESTERN WORLD INSURANCE COMPANY,** | : |
| | : |
| **Defendants,** | : |
| | : |
| **And** | : |
| | : |
| **SPROUT FOODS, INC.,** | : |
| | : |
| **Nominal Party.** | : |
| | : |

Plaintiff, Peleus Insurance Company ("Peleus"), hereby files its complaint against Defendants, Lexington Insurance Company ("Lexington") and Western World Insurance Company ("Western World"), and Nominal Party, Sprout Foods, Inc. ("Sprout"), and in support thereof avers as follows:

## NATURE OF THIS LAWSUIT

1.      This action presents a dispute between the parties concerning payment of defense costs for an underlying lawsuit captioned as follows: *NC, a minor v. Sprout Foods et al.*, California Superior Court, County of Los Angeles, no: 21STCV22822.

2.      Peleus and the insurer defendants all provide liability insurance to Sprout. Peleus, however, was compelled to pay the afore-mentioned defense costs while the insurer defendants should have, under prevailing law, borne all or most of these costs.

## PARTIES

3.      Plaintiff, Peleus, is a corporation organized and existing pursuant to the laws of the Nebraska, with its principal place of business located in Illinois.

4.      Defendant, Lexington, is a corporation organized and existing pursuant to the laws of the Commonwealth of Massachusetts, with its principal place of business located in Massachusetts.

5.      Defendant, Western World, is a corporation organized and existing pursuant to the laws of the State of New Jersey, with its principal place of business located in New Jersey.

6.      Sprout is a nominal party whose citizenship is irrelevant for diversity purposes, but it is a domestic business corporation, organized under the laws of the State of New Jersey, with its principal place of business located in New Jersey.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as diversity of citizenship exists between Peleus (Nebraska and Illinois), on the one hand, and Lexington (Massachusetts) and Western World (New Jersey), on the other hand.

8.      The Nominal Party's citizenship, while not dispositive as to jurisdiction, is also diverse to Peleus.

9.      This Court has personal jurisdiction over all defendants because, as respects the matters at issue, they each have significant contacts with the State of New Jersey.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events (including the issuance of the policies, and delivery of the communications, in question) giving rise to this dispute occurred in this judicial district.

11.    An actual case and controversy of a justiciable nature exists between Peleus on the one hand, and defendants on the other hand.

12.    This case and controversy is ripe for adjudication, and involves the rights, liabilities and legal relations of the parties under contracts of insurance.

### SPROUT'S LIABILITY INSURANCE POLICIES

13.    Lexington issued policy 82695194 to Sprout effective 12/15/2014 - 12/15/2015.

14.    Western World issued policy BRP0002479 to Sprout effective 12/15/2015 - 12/15/2016.

15.    Peleus issued policy AU4189956 to Sprout effective 12/15/2016 - 12/15/2017, and renewed or reissued coverage effective until December 15, 2021.

### THE UNDERLYING ACTION

16.    The Underlying Action was filed in California State Court, in Los Angeles County, on June 16, 2021.

17.    The underlying complaint asserts that NC's exposure to toxic heavy metals in baby foods, including Sprout's products, resulted in Autism Spectrum Disorder (ASD) and Attention-deficit/hyperactivity disorder (ADHD).

18.    NC was born on January 9, 2014, and according to his mother's deposition testimony, she began giving Plaintiff commercial baby food products when he was five-months old, in May 2014.

19.     NC's mother also testified that NC stopped eating baby food around the time he turned three years-old in January of 2017.

20.     The Underlying Action has been resolved with no indemnity paid on behalf of Sprout.

## THE DISPUTE

21.     Peleus has requested that Lexington and Western World reimburse it for incurred defense costs, but defendant insurers have not yet done so.

22.     Lexington and Western World have each, however, acknowledged a duty to defend.

### Count I—Subrogation and Contribution (Breach of Contract)

23.     The averments above and below are incorporated herein by reference.

24.     Sprout tendered its defense of the underlying lawsuit to Peleus and the defendant insurers. The tender to the defendant insurers first occurred no later than January 25, 2023.

25.     Peleus has reimbursed defense costs and has sought contribution from the defendant insurers as is owed under their respective insurance contracts.

26.     No insurer other than Peleus has contributed to Sprout's defense.

27.     The defendants have suggested, through their counsel, that they do not owe pre-tender defense costs, but have not reimbursed post-tender defense costs.

28.     Here, Peleus is entitled to legal and equitable subrogation/contribution from the defendants because its stands in the shoes of Sprout and Sprout is entitled to these costs under the insurance contracts.

**WHEREFORE**, Peleus respectfully requests that this Court enter judgment in its favor and against Defendants, including damages and an award of costs, attorney fees, and such other and further relief as this Court deems just and proper.

## Count II—Attorney's Fees

29.     The averments above are incorporated herein by reference.

30.     Rule 4:42-9(a)(6) of the New Jersey Rules of Civil Practice authorizes an award of counsel fees in "an action upon a liability or indemnity policy of insurance in favor of a successful claimant."

31.     The New Jersey Supreme Court has ruled that an insurer can be a "successful claimant" under this Rule.

32.     The rights conferred pursuant to Rule 4:42-9(a)(6) are substantive in nature.

33.     If any award is granted in connection with Count I, Peleus is entitled to its attorney's fees in this suit pursuant to Rule 4:42-9(a)(6).

**WHEREFORE**, Peleus respectfully requests that this Court enter judgment in its favor and against Defendants, including damages and an award of costs, attorney fees, and such other and further relief as this Court deems just and proper.

Dated: March 10, 2026

**STEWART SMITH**

By:      /s/ *William  Stewart*
            William F. Stewart, Esquire
            wstewart@stewartsmithlaw.com
            300 Four Falls | Suite 670
            300 Conshohocken State Road
            West Conshohocken, PA 19428
            (T) 484.534.8300 (F) 484.534.9470

            *Attorneys for Plaintiff,*
            *Peleus Insurance Company*

5